IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORCUS WITHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-1282-NJR-DGW |
| | ) | |
| LT. EVOLLI and KIMBERLY BUTLER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction and Temporary Restraining Order filed by Plaintiff, Dorcus Withers, on November 17, 2014 (Doc. 5). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On November 17, 2014, Plaintiff Dorcus Withers, an inmate currently housed at the Menard Correctional Center ("Menard CC"), filed a Complaint, pursuant to 42 U.S.C. § 1983, against two individuals, Lieutenant Evolli and Warden Kimberly Butler. Plaintiff alleges that he was assaulted by Evolli on July 29, 2013 and attempted suicide as a result. Plaintiff again was assaulted by Evolli (along with 4 other unnamed correctional officers) on April 18, 2014. Plaintiff indicates that the assaults occurred while he was seeking medical care and believes that

they were related to hunger strikes that Plaintiff was attempting to engage in. Plaintiff states that he filed numerous emergency grievances but that he received no responses. Plaintiff seeks injunctive relief (transfer from Menard CC) and costs of suit.

The Motion before the Court is entitled "Order to Show Cause for an Preliminary Injunction & Temporary Restraining Order" (Doc. 5). It is unsigned and does not contain an affidavit. The Motion reiterates the claims made in the Complaint, that Plaintiff was assaulted on July 28, 2013 and April 18, 2014. Plaintiff further states that:

> Plaintiff has tried to file grievance on this issue but it has been destroyed twice. If the court doesn't grant this injunction and the TRO plaintiff will continue to be assaulted by this defendant (Evolli) and his underlings and due to plaintiffs mental illness there's a strong possibility of suicide if continued to be faced with being subjected to assault by defendant.
>
> (Doc. 5, p. 2).

The Motion does not seek any particular relief; rather, it contains a proposed order setting forth a suggested show cause hearing as to why injunctive relief should not be granted.

On December 1, 2014, this Court held a hearing on the Motion in which Plaintiff appeared by video-conference and Defendants appeared by counsel, Joanne Scher.[1] At the hearing, Plaintiff represented that he suffers from bi-polar disorder and he provided some testimony in addition to a prepared statement. Plaintiff testified that he was moved to the North 2 Segregation Unit from the healthcare unit on October 28, 2014. Evolli, who is head of the tactical squad, works the 3:00 p.m. to 11:00 p.m. shift in that unit and Plaintiff had "constant" contact with him from that time. Plaintiff testified that Evolli assaulted him on November 19,

---

[1] Defendants in this matter have not filed a responsive pleading, summons having been issued on November 19, 2014 (Docs. 8 and 9). However, this Court informed the Office of the Illinois Attorney General of the pendency of the Motion and the date of the hearing.

2014, while in a stairwell, by banging his head against a wall and leaving a mark on his forehead. Plaintiff believes that the location of the assault was picked in order to avoid various video-cameras located in the prison. Plaintiff also believes that he was assaulted at the behest of a nurse working in the healthcare unit who has a relationship with Evolli and because he has participated in hunger strikes. Finally, Plaintiff indicated that Evolli acts with impunity because he has not faced any consequences for his actions.

Since November 19, 2014, however, Plaintiff has had no contact with Evolli because he no longer is working in Plaintiff's unit. Plaintiff nonetheless indicates that he is verbally threatened by various other correctional officers regularly (who are not a party to this lawsuit). There is no indication in the record that Plaintiff is likely to have further contact with Evolli and there is no evidence that any other correctional officer has threatened to assault Plaintiff.

## CONCLUSIONS OF LAW

As an initial matter, this Motion for Injunctive relief is not signed as required by Federal Rule of Civil Procedure 11(a). Plaintiff should be warned that the failure to sign documents presented to the Court may result in the striking of the documents. It further appears that Plaintiff's intent was not to request injunctive relief by the motion, but merely to request a hearing on the request for injunctive relief made in his Complaint. This Court held a hearing on December 1, 2014 in order to address his claim for injunctive relief.

Plaintiff seeks both a temporary restraining order and a preliminary injunction. The major difference between the two remedies is that the former is issued prior to notice to an adverse party. A temporary restraining order should not issue in this matter because Plaintiff has not presented an affidavit as required by Federal Rule of Civil Procedure 65(b)(1)(A). In

addition, Defendants were notified of the hearing and appeared. For these reasons, Plaintiff is not entitled to a temporary restraining order.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

   1. a reasonable likelihood of success on the merits;
   2. no adequate remedy at law; and
   3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with

the parties or their agents.

Even if Plaintiff has a reasonable likelihood of success on the merits (the evidence in this matter will most likely be a swearing contest between the parties, especially in light of Plaintiff's statements that Evolli would choose unmonitored areas to assault him) and Plaintiff has no remedy at law (he is only seeking injunctive relief in his Complaint), there is only a limited showing that he will suffer irreparable harm absent an injunction and a balance of interests does not warrant injunctive relief at this point in the litigation.

Plaintiff has not shown, at this time, that he is likely to suffer irreparable harm absent an injunction. Plaintiff indicates that he has not seen Evolli since November 19, 2014 and there is no indication in the record that Evolli will be reassigned to Plaintiff's unit during the pendency of this litigation. There is no indication that Plaintiff is currently engaged in or plans to engage in a hunger strike such that an additional assault would be triggered. There is also no assertion that Evolli regularly escorts Plaintiff to his medical appointments or that he is otherwise in contact with Plaintiff on a regular basis. There is no evidence that as head of the tactical unit, Evolli will have greater contact with Plaintiff. As to Warden Butler, Plaintiff merely has alleged that she is ignoring his grievances. There is no indication that he has any contact with the Warden or that any of her actions (or inactions) are intentional or are related to any harm he may suffer. Thus, there is no showing that any harm is likely; Plaintiff merely has suggested that there is a possibility that he will be harmed. *See Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 788 (7th Cir. 2011). Plaintiff has not suggested that any current threat exists.

In addition, Plaintiff only has provided sheer speculation as to Evolli's motivations for

assaulting him. A close reading of the complaint suggests that Evolli's actions are related to Plaintiff's hunger strikes and need for medical care; and, that Evolli is associated with a nurse in the healthcare unit on whose behalf he assaults Plaintiff. Plaintiff has presented no evidence, other than his unsupported allegations, that Evolli was motivated by any of these considerations. While the Court does not doubt that Plaintiff has had contact with Evolli and that Plaintiff *believes* that Evolli has some personal animus against him, there has been no showing that such an animus exists.

At this stage of the litigation, the balance of harms weighs against Plaintiff. An injunction issued at this stage, on such speculative information, would either direct the Illinois Department of Corrections ("IDOC") to transfer Plaintiff to a new prison or to prohibit Evolli for working near Plaintiff. Either scenario would result in great expense not only in monetary cost but also in man-hours to determine what location would suit Plaintiff (in light of his medical condition) or how work shifts can be modified to prevent contact between Plaintiff and Evolli. The public interest would not be served by replacing the IDOC's judgment, as to where to house inmates and place employees, with the Court's judgment based on such minimal evidence. Plaintiff's request for such a drastic remedy as preliminary injunctive relief should not be granted. Rather, the record should be further developed to determine whether he would nonetheless be entitled to a permanent injunction.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order filed by Plaintiff, Dorcus Withers, on November 17, 2014 (Doc. 5) be **DENIED** as to the request for a Temporary Restraining Order and

Preliminary Injunction, that Plaintiff be **WARNED** to sign all pleadings and documents filed with the Court in accordance with Rule 11 or risk the striking of the pleadings/documents, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 9, 2014**

*[signature: Donald Wilkerson]*

**DONALD G. WILKERSON**
**United States Magistrate Judge**