IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORCUS WITHERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV- 1282-NJR- DGW |
| | ) |
| LT. EOVALDI and | ) |
| KIMBERLY BUTLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Amended Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on April 9, 2015 (Doc. 42). Magistrate Judge Wilkerson recommends that the undersigned deny Plaintiff Dorcus Withers's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 5). Plaintiff filed a timely objection on April 20, 2015 (Doc. 43). For the reasons set forth below, Magistrate Judge Wilkerson's Amended Report and Recommendation is adopted in its entirety.

### Background

On November 17, 2014, Plaintiff Dorcus Withers, an inmate currently housed at the Menard Correctional Center ("Menard"), brought this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff asserts that Defendant Lieutenant Frank Eovaldi assaulted him on two occasions. Plaintiff indicated that the alleged assaults occurred while he was seeking medical care, and he

believes that they were related to his attempted hunger strikes.  Plaintiff further asserts that Defendant Warden Kimberly Butler has failed in her duty to protect him from harm.

In addition to the Complaint, Plaintiff filed a motion for temporary restraining order and preliminary injunction (Doc. 5).  The Motion, titled "Order to Show Cause for an Preliminary Injunction & Temporary Restraining Order," is unsigned and does not contain an affidavit.  Plaintiff seeks injunctive relief in the form of a transfer to another institution and an order forbidding either Defendant from having any contact with him.

On December 1, 2014, Magistrate Judge Wilkerson held an evidentiary hearing on Plaintiff's Motion.  Based on the evidence adduced at the hearing and lack of evidence that Plaintiff continued to have contact with Defendant Eovaldi, Magistrate Judge Wilkerson issued a Report and Recommendation on December 9, 2014 (Doc. 18), recommending that Plaintiff's request for relief be denied.  On December 15, 2014, Plaintiff filed a timely Objection to the Report and Recommendation (Doc. 22) and a Motion for Leave to File Amended Objections on December 17, 2014 (Doc. 25), both of which Magistrate Judge Wilkerson treated as briefs in support of the motion for temporary restraining order and preliminary injunction.  In those submissions, Plaintiff asserted additional facts with respect to Defendant Eovaldi.  Specifically, Plaintiff alleged that he was again assaulted by Defendant Eovaldi on December 12, 2014, while he was receiving his insulin injections in the healthcare unit.

On February 16, 2015, in light of the new allegations, Magistrate Judge Wilkerson held a second hearing on the Motion.  Based on the evidence adduced at the second

hearing, Magistrate Judge Wilkerson issued an Amended Report and Recommendation on April 9, 2015. Plaintiff filed a timely Objection to the Amended Report and Recommendation (Doc. 43).

## Conclusions of the Report and Recommendation

The Amended Report and Recommendation accurately states the nature of the evidence presented by both sides, as well as the applicable law. Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff was not entitled to a temporary restraining order. Regarding the preliminary injunction, Magistrate Judge Wilkerson found that Plaintiff's interactions with Defendant Eovaldi on December 12, 2014, were the result of his own belligerent behavior towards medical staff, his mental condition, and his desire to not appear "weak" in the face of perceived threats or assaults. In other words, he found that it was unlikely Defendant Eovaldi used excessive force in light of Plaintiff's aggressive behavior, and consequently, Plaintiff did not have a reasonable likelihood of success on the merits.

In addition, Magistrate Judge Wilkerson found that Plaintiff had not shown that he is likely to suffer irreparable harm absent an injunction. The record did not indicate any physical altercation between Plaintiff and Defendant Eovaldi since the alleged incident on December 12, 2014. Further, Magistrate Judge Wilkerson credited Defendant Eovaldi's testimony that: (1) Plaintiff was the aggressor and that he was restrained and sent Plaintiff back to his cell due to his behavior; and (2) he did not assault Plaintiff on that date or any other date. Finally, the Court noted that Plaintiff suffers from extensive mental problems which undoubtedly affect the manner in which

he perceives the world around him. Magistrate Judge Wilkerson concluded that although Plaintiff may believe that Defendant Eovaldi has some personal animus against him, there was no showing that such animus exists or that any harm is likely.

## Discussion

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

*Preliminary Injunction*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of

the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).  In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  Once Plaintiff has met his burden, the Court must weigh 'the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  *Id.*; *Korte v. Debelius*, 735 F.3d 654, 665 (7th Cir. 2013).  Additionally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).  Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); s*ee also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging

prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff generally objects to Magistrate Judge Wilkerson's Amended Report and Recommendation, asserting that he continues to be assaulted by Defendant Eovaldi and his "underlings." As support, Plaintiff submitted two affidavits from fellow prisoners which describe an alleged assault on Plaintiff occurring on February 20, 2015. One affiant states that he witnessed Plaintiff being beaten by five or six correctional officers in the healthcare unit and then dragged to his cell (Doc. 43, p. 4). The other affiant states that he witnessed Plaintiff being taunted by several correctional officers, including the officers bragging about how they had just physically assaulted Plaintiff (Doc. 43, p. 3).

Having reviewed the affidavits, the Court finds that neither supports Plaintiff's assertions that Defendant Eovaldi continues to assault and/or intimidate him. Although both affidavits mention correctional officers by name, neither affidavit references Defendant Eovaldi as participating in any manner in the alleged incredulous assault and taunting. Thus, the Court is unpersuaded by the affidavits.

After thoroughly reviewing the record before it, the Court finds that the factual findings and analysis in the Amended Report and Recommendation is both thorough and accurate. It is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek*, 520 U.S. at 972. The Court agrees with Magistrate Judge

Wilkerson's analysis that Plaintiff has failed to reach his threshold burden for injunctive relief.  Accordingly, the Court finds no reason to reject Magistrate Judge Wilkerson's recommendation.

### Conclusion

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 42).  Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 5) is **DENIED.**

Furthermore, the Motion for Leave to File Amended Objections (Doc. 25) is **DENIED as moot** because it was construed as a brief in support of Plaintiff's motion for preliminary injunction and temporary restraining order.

Plaintiff is **WARNED** that if he must sign all pleadings and documents filed with the Court in accordance with Rule 11. If Plaintiff fails to sign his submissions to the Court, they will be stricken.

**IT IS SO ORDERED.**

**DATED:   May 18, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**